2017 JAN -9 AM 11: 3



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,                )
                                    )       No. 73723-6-I
            Respondent,             )
                                    )       DIVISION ONE
      v.                            )
                                    )
BRIAN JORDAN MINNIEAR,              )       UNPUBLISHED OPINION
                                    )
            Appellant.              )       FILED: January 9, 2017
_____)

BECKER, J. — Brian Minniear appeals his conviction for second degree assault with a firearm enhancement. We affirm.

Minniear got in an argument with a man who blocked a driveway Minniear was attempting to use. The argument escalated. Minniear allegedly pulled a gun out of his pocket and pointed it at the other man. Minniear departed in his car. He was pulled over and arrested by a police officer who had received a report of an alleged assault and a description of Minniear's car.

Officers impounded the car. After obtaining a warrant to search the car, they found a gun in the glove compartment.

The State charged Minniear with second degree assault with a firearm allegation. A jury convicted Minniear.

Minniear appeals. He contends it was error to admit evidence related to the gun found inside his car. He argues there was inadequate foundation for gun evidence due to an incomplete chain of custody. We review a trial court's decision to admit evidence for abuse of discretion. State v. Campbell, 103 Wn.2d 1, 21, 691 P.2d 929 (1984), cert. denied, 471 U.S. 1094 (1985).

Before an item is admitted into evidence, the proponent must demonstrate the item is what it purports to be. ER 901(a). Evidence that is unique and readily identifiable may be authenticated through the testimony of a witness who testifies that the evidence is what the proponent claims. U.S. v. Cardenas, 864 F.2d 1528, 1531 (10th Cir.), cert. denied, 491 U.S. 909 (1989). When evidence is not readily identifiable, it is customarily authenticated through the testimony of each custodian in the chain of custody from the time the evidence was acquired. State v. Roche, 114 Wn. App. 424, 436, 59 P.3d 682 (2002). Factors relevant to determining admissibility include the nature of the item, circumstances surrounding its collection, and likelihood of tampering or alteration. Roche, 114 Wn. App. at 436, citing Campbell, 103 Wn.2d at 21.

The State contends "the gun was unique, readily identifiable, and readily resistant to tampering. Thus, once the gun and its location were identified, no further chain of custody was required." Minniear does not rebut this argument.

If further chain of custody evidence was required, the record provides it. An officer who responded to the scene of Minniear's arrest testified to making sure that no one went inside and nothing came out of the car while it was stopped along the side of the road. Officers testified that they followed routine

2

procedures when impounding the car: It was locked at the scene of Minniear's arrest, towed to a secure facility with an officer driving behind the tow truck, and sealed by officers who taped and initialed the openings once the car was inside the facility. These circumstances surrounding collection of the car made it unlikely anyone altered or tampered with the car or its contents.

Minniear argues there was a substantial break in the chain because neither the tow truck driver nor the sergeant who drove behind the tow truck testified at trial. But there is no rule that the prosecution must produce all persons who had custody of the evidence to testify at the trial. Cardenas, 864 F.2d at 1532. The inquiry is whether the trial court can determine the item is in substantially the same condition as when the crime was committed. Campbell, 103 Wn.2d at 21; see also Cardenas, 864 F.2d at 1532 (trial court "need only find that the reasonable probability is that the evidence has not been altered in any material aspect"). Officers testified to the whereabouts and security of the car at nearly every point in the chain of custody. Minniear has not identified any evidence suggesting there was tampering or alteration when the car was towed. We therefore do not consider it determinative that the tow truck driver and sergeant who followed the tow truck did not testify.

Minniear contends his car could have been breached while on the way to the impound because it was not sealed or searched before it was towed. But the proponent of evidence is not required to eliminate every possibility of alteration. Campbell, 103 Wn.2d at 21; see also Cardenas, 864 F.2d at 1531, 1532. Minor discrepancies or breaks in the chain affect the weight of evidence, not its

3

admissibility. Campbell, 103 Wn.2d at 21. The fact that the car remained unsealed for a time is an issue the jury could consider in weighing evidence regarding the car and its contents. In determining admissibility, however, the court could reasonably conclude it was improbable Minniear's car was tampered with or altered while in motion on the way to the impound facility.

Because Minniear has failed to demonstrate a substantial break in the chain of custody, the trial court did not abuse its discretion in admitting the gun-related evidence.

Minniear contends he was denied effective assistance of counsel because his attorney did not object when gun-related evidence was admitted.

To demonstrate ineffective assistance, a defendant must show: (1) counsel's representation fell below an objective standard of reasonableness, considering all of the circumstances, and (2) the deficient representation prejudiced the defendant, that is, absent counsel's errors, the outcome of the proceedings would have been different. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

Minniear's ineffective assistance argument relies on the premise that evidence related to the gun was inadmissible. Because this evidence was admissible as discussed above, any objection by defense counsel would have been futile. Having found no error with respect to admission of the contested evidence, we conclude Minniear cannot satisfy either prong of the test for ineffective assistance.

Affirmed.

_Becker, J._

WE CONCUR:

_Schindler, J._

_Cox, J._